## SANACRAINTE v. BULLYMORE.

(Supreme Court, Special Term, Erie County. October, 1909.)

1. MUNICIPAL CORPORATIONS (§ 706*)—SUFFICIENCY OF EVIDENCE—QUESTION FOR JURY.

Evidence, in an action for injuries caused by defendant negligently driving against plaintiff while he was endeavoring to alight from a car, held' sufficient to take the case to the jury on the question of defendant's negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706;* Highways, Cent. Dig. § 473.]

2. TRIAL (§ 165*)—TAKING CASE FROM JURY—NONSUIT.

On a motion for nonsuit, all disputed facts are to be regarded in favor of plaintiff, and all inferences conceded to him.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 374; Dec. Dig. § 165.*]

Appeal from Municipal Court of City of Buffalo.
Action by Charles F. Sanacrainte against Wallace J. Bullymore. From a judgment of nonsuit, plaintiff appeals. Reversed.

White & Fennelly, for appellant.
Corcoran & Corcoran, for respondent.

BROWN, J. Plaintiff testified: As he walked out of the door of the car, he looked forward and behind, and saw nothing; did not see defendant when he looked south; car was moving, and he took hold of the bar and turned around, facing north, stepped down one step, waiting for the car to stop; stepped down; had to get the left foot on the last step; while stepping down, something struck him on hip or leg, threw him back, and the hind wheels struck his back, etc. Next morning plaintiff asked defendant what made him drive so close to the car and run over him (plaintiff), when there was plenty of room between the car and the curb, and he (defendant) said:

"I wanted to get by, and I didn't think I would strike you. I thought I would get by before you got off."

From such testimony the jury might have found that the defendant saw the plaintiff as plaintiff was standing on the step preparatory to stepping onto the pavement, leaving the car; that defendant assumed

that he could drive by the car before the plaintiff would get off the car onto the pavement; that, because of the failure of defendant to drive by before plaintiff got off the car, the defendant's wagon wheels hit the plaintiff and caused the injury. The defendant apparently realized that, if he did not get by before the plaintiff got off the car, he would be likely to hit the plaintiff. It was for the jury to say whether it was negligence on the part of defendant to drive so close to a stopping car that he would be likely to hit a passenger whom he saw standing on the step facing in an opposite direction, apparently ready to step off, unless he drove past the car before the passenger got off. The defendant assumed the chance of being able to drive past the car before the plaintiff alighted. He did not succeed. The plaintiff had a right to have the jury determine whether the defendant exercised ordinary care in driving past the car under the above circumstances.

While it is true that most, if not all, of the foregoing facts were disputed by witnesses produced by the defendant, yet on the question of nonsuit all disputed facts are to be regarded in favor of the plaintiff, and all inferences are conceded to him.

Judgment reversed. New trial ordered in Municipal Court on October 4, 1909, at 10 a. m. Costs to abide event.